IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
SITTING AT NASHVILLE

COLUMBIA INSURANCE GROUP, )
)
    Plaintiff, )
)
v. )
) No. _____
GLASSRATNER ADVISORY & )
CAPITAL GROUP, LLC, )
GLASSRATNER MANAGEMENT & )
REALTY ADVISORS, LLC, AND )
CHARLES CORLEW )
)
    Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Columbia National Insurance Company ("Columbia"), by and through counsel, brings this action under the Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, seeking a declaratory judgment that the policy of businessowners insurance and the commercial liability umbrella policy issued by Columbia to Defendant, Glassratner Advisory & Capital Group, LLC, does not provide liability coverage for an automobile accident that occurred on or about August 27, 2010.

### The Parties

1.     Columbia is a corporation organized and existing under the laws of the state of Nebraska with its principal place of business in Columbia, Missouri.

2.     Defendant, Glassratner Advisory & Capital Group, LLC ("Glassratner"), is an LLC organized under the laws of the State of Georgia and can be served with process by serving its agent for service of process, Ronald L. Glass, at 3391 Peachtree Road, Suite 110, Atlanta, Georgia, 30326.

3. Defendant, Glassratner Management & Realty Advisors, LLC ("Management Company"), is an LLC organized under the laws of the State of Tennessee and Georgia and can be served with process by serving its agent for service of process, GlassRatner Management & Realty Advisors, LLC, at 2191 Memorial Drive, Clarksville, Tennessee, 37043.

4. Charles Corlew is a resident of Montgomery County, Tennessee and can be served at 180 Dan Road, Cunningham, Tennessee, 37052.

## Jurisdiction

5. Jurisdiction in this cause is founded upon 28 U.S.C. § 1332 in that this action involves citizens of different states and the matter in controversy exceeds $75,000.

## Venue

6. The venue in this action lies in this district pursuant to 28 U.S.C. §1391(b) and (c) in that the events giving rise to this claim occurred in this district and the Defendants may be found or are deemed to reside in this district

## Facts

7. This action presents for declaratory judgment an insurance coverage dispute arising from a Businessowners Policy of Insurance, number BOPGA65751 ("Policy") (attached as Exhibit 1) issued by Columbia to Glassratner. The Policy was in full force and effect on August 27, 2010 when the underlying accident occurred.

8. This action also presents for declaratory judgment an insurance coverage dispute arising from a Commercial Liability Umbrella Policy, CUPGA65751 ("Umbrella Policy") (attached as Exhibit 2), issued by Columbia to Glassratner. The Umbrella Policy was in full force and effect on August 27, 2010 when the underlying accident occurred.

9. On August 27, 2010, Charles Corlew, in the course and scope of his employment by the Management Company, allegedly struck and killed Alejandro Aranda Lara in Clarksville, Tennessee.

10. Upon information and belief, the Management Company employed Mr. Corlew. At no time did Glassratner employ Mr. Corlew.

11. Upon information and belief, Mr. Corlew owned the vehicle allegedly involved in the underlying accident.

12. On September 13, 2011 Maria Aranda, Fidel Lara and Elizabeth Recio filed a Original Amended Complaint in the Circuit Court for Montgomery County (attached as Exhibit 3), alleging that Mr. Corlew's negligence in the operation of his truck caused the accident. The Amended Complaint further alleges that Mr. Corlew was negligently hired, trained and supervised.

13. If the Policy covered the loss—which it does not—coverage would be found only in the Hired Auto and Non-owned Auto Liability endorsement. In pertinent part, the endorsement provides the following (italics added):

> A. Insurance is provided only for those coverages and limits of insurance for which a specific premium change is shown in the Declarations or in the Schedule.
>
> **2. Non-Owned Auto Liability**
>
> The insurance provided under Paragraph **A.1. Business Liability Section II – Liability**, applies to "bodily injury" or "property damage" arising out of the use of any "non-owned auto" in your business by any person.
>
> . . .
>
> B. For insurance provided by this endorsement only:
>
> . . .

2. Paragraph **C. Who Is An Insured** in **Section II – Liability**, is replaced by the following:

...

*2. None of the following is an insured:*

...

...

...

*d. The owner or lessee . . . or a "hired auto" or the owner of a "non-owned auto" or any agent or "employee" . . . ;*

C. The following additional definitions apply:

...

2. "Hired Auto" means any "auto you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent or borrow from any of you employees . . .

3. "Non-Owned Auto" means any "auto" you do not own, lease, hire, rent or borrow which is used in connection with your business. This includes "autos' owned by your employees . . . but only while used in your business or personal affairs.

14. The Umbrella Policy also excludes coverage for use a personal auto as follows:

**SECTION I – COVERAGES**

2. **Exclusions**

This insurance does not apply to:

...

f. **Auto Coverages**

(1) "Bodily injury" . . . arising out of the ownership, maintenance or use of any "auto" which is not a "covered auto";

**SECTION II – WHO IS AN INSURED**

4

2. Paragraph **C. Who Is An Insured** in **Section II – Liability**, is replaced by the following:

...

*2. None of the following is an insured:*

...

...

...

*d. The owner or lessee . . . or a "hired auto" or the owner of a "non-owned auto" or any agent or "employee" . . . ;*

C. The following additional definitions apply:

...

2. "Hired Auto" means any "auto you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent or borrow from any of you employees . . .

3. "Non-Owned Auto" means any "auto" you do not own, lease, hire, rent or borrow which is used in connection with your business. This includes "autos' owned by your employees . . . but only while used in your business or personal affairs.

14. The Umbrella Policy also excludes coverage for use a personal auto as follows:

**SECTION I – COVERAGES**

2. **Exclusions**

This insurance does not apply to:

...

f. **Auto Coverages**

(1) "Bodily injury" . . . arising out of the ownership, maintenance or use of any "auto" which is not a "covered auto";

**SECTION II – WHO IS AN INSURED**

. . .

  **2.**  **Only with respect to liability arising out of the ownership, maintenance or use of "covered autos":**

    a.  You are an insured.

    b.  Anyone else while using with your permission a "covered auto" you own, hire or borrow is also an insured except:

      (1)  The owner or anyone else from whom you hire or borrow a "covered auto".

      (2)  your "employee" if the "covered auto" is owned by the "employee" . . . .

**SECTION V – DEFINITIONS**

. . .

  5.  "Covered auto" means only those "autos" to which the "underlying insurance" applies.

Thus, the Umbrella Policy only provides coverage for use of a covered auto, and the exclusions eliminate coverage for injuries "arising out of the ownership, maintenance or use of any auto which is not a covered auto." A covered auto means "only those autos to which underlying insurance applies." Here, the relevant coverage in the underlying Policy would be the non-owned autos provision. And like the Policy, the Umbrella Policy excludes as an insured "the owner from whom you hire or borrow a covered auto" and "your employee if the covered auto is owned by that employee or a member of his or her household." Consequently, there is no coverage under the Umbrella Policy.

  15.  The Policy and the Umbrella Policy exclude coverage because Mr. Corlew owned the vehicle allegedly involved in the underlying accident.

5

Case 3:12-cv-01236 Document 1 Filed 11/28/12 Page 5 of 7 PageID #: 5

## Request for Declaratory Judgment

16. Columbia adopts and incorporates by reference paragraphs 1 through 14, as well as Exhibits 1 through 4 to this Complaint, and requests a declaratory judgment that the Policy and the Umbrella Policy exclude coverage for both Defendants respecting the underlying accident because Mr. Corlew owned the vehicle that allegedly was involved in the underlying accident.

17. Columbia would show that there is a real and immediate controversy between it and the Defendants. The immediate controversy relates to Columbia's obligations under the Policy issued to Defendants for insurance coverage for the underlying tort action. Defendants have made a claim under the Policy seeking defense and indemnity from Columbia respecting the Amended Complaint filed in the underlying tort action. This Court has the authority to resolve this controversy under the Declaratory Judgment Act, 28 USC §2201, et seq.

18. Columbia requests the Court to declare that the Policy and Umbrella Policy excludes coverage to Defendants because Mr. Corlew owned the vehicle that allegedly was involved in the underlying accident.

**WHEREFORE,** Columbia seeks judgment against Defendants and prays that the Court find as follows:

a) That a real and immediate controversy exists between the parties;

b) That Columbia has no obligation to defend or indemnify Defendants for the accident of August 27, 2010 or the lawsuit respecting the same;

c) That Columbia is entitled to all costs associated with filing of this action; and

d) All other relief that the Court deems just and equitable.

6
Case 3:12-cv-01236   Document 1   Filed 11/28/12   Page 6 of 7 PageID #: 6

Respectfully submitted,

LEWIS, KING, KRIEG & WALDROP, P.C.

By: _____
Joseph M. Huffaker, BPR # 14122
jhuffaker@lewisking.com
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN 37219
(615) 259-1366

Attorneys for Columbia Insurance Group

## COST BOND

We, Lewis, King, Krieg and Waldrop, P.C., as principal and surety, are responsible for all costs in this matter, not to exceed five hundred dollars ($500.00).

_____